IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | § | |
|        Plaintiff | § | |
| V. | § | |
| | § | |
| JANOS FARKAS, | § | A-15-CV-00165-LY-ML |
|        Defendant | § | |

**ORDER**

Before the court are the Motion to Dismiss filed by Defendant, Janos Farkos, [Dkt. #13], the Response in opposition thereto filed by Plaintiff, Wells Fargo Bank, N.A. [Dkt #14], and the Reply filed by Farkos [#15].[1]   Farkos, appearing *pro se*, argues in his motion to dismiss that Wells Fargo's Second Amended Complaint is defective in that it alleges diversity of citizenship, but does not prove diversity by the attachment of competent evidence.  Mot. Dism. [Dkt. #13] at 3-4.  Farkos "specifically denies that Wells Fargo Bank, N.A. is a national bank with its main office in South Carolina." *Id.* at 3.

In its Response to the Motion to Dismiss, Wells Fargo has inexplicably elected to stand on its pleadings rather than adduce affidavit or other record evidence establishing its alleged non-Texas citizenship.  *See generally* Response [Dkt. #14].  While a court examining subject matter jurisdiction *may* determine that diversity is apparent from the pleadings alone, "when a defendant makes a factual attack, 'no presumptive truthfulness attaches to plaintiff's allegations.'" *Eagle TX I SPE, L.L.C. v. Sharif & Munir Enters.*, 602 F. App'x 576, 578 (5th Cir. 2015) (quoting

---

[1] All pending nondispositive motions in the above-styled cause have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  Likewise, all dispositive motions have been referred to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  When an attack on subject matter jurisdiction challenges the facts on which jurisdiction depends, "matters outside of the pleadings, such as affidavits and testimony, are considered."  *Sierra Club v. Energy Future Holdings Corp.*, 921 F. Supp. 2d 674, 678 (W.D. Tex. 2013) (citing *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981)).

At present, the jurisdictional allegations before the court are not substantiated by evidence other than Wells Fargo's bare assertion, nor are they undermined by anything more substantial than Farkos' bare denial.  The Magistrate Court finds this is not a sufficient evidentiary record to analyze the factual challenge to federal subject matter jurisdiction, and therefore,

IT IS ORDERED that Plaintiff shall have FOURTEEN (14) DAYS from the entry of this ORDER to file an Amended Response including any materials relevant to its allegations of jurisdictional fact.

IT IS FURTHER ORDERED that Defendant shall have SEVEN (7) days from the filing of Plaintiff's Amended Response to file an Amended Reply addressing any new evidence or argument adduced by Plaintiffs in support of their jurisdictional allegations.

SIGNED October 1, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE