IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. § | | |
| Plaintiff § | | |
| V. § | | |
| § | | |
| JANOS FARKAS, § | A-15-CV-00165-LY-ML | |
| Defendant § | | |

**ORDER AND REPORT AND RECOMMENDATION ON THE MERITS**

Before the court are Defendant, Janos Farkas' First Amended Motion to Dismiss filed July 9, 2015 [Dkt. #13], Plaintiff's Amended Response In Opposition to Defendant's First Amended Motion to Dismiss filed October 15, 2015, [Dkt. #17], Defendant's Reply to Plaintiff Wells Fargo Bank, N.A.'s First Amended Response to Defendant's First Amended Motion to Dismiss filed October 22, 2105 [Dkt. #18], and Defendant Janos Farkas' Objections to Plaintiff Wells Fargo Bank, N.A.'s Jurisdictional Evidence filed October 22, 2013 [Dkt. #19].[1]

**I.  BACKGROUND**

This is an action for judicial foreclose on a Deed of Trust. Orig. Pet. [Dkt. #1] at 1. Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo") invokes this Court's diversity jurisdiction. *Id.* Defendant, Janos Farkas, has moved to dismiss the case for lack of subject matter jurisdiction, contending Wells Fargo has not adequately demonstrated diversity of citizenship. *See generally* 1st Am. Mot. Dism. [Dkt. #13]. The Magistrate Court previously ordered Wells Fargo to amend its response to Farkas' pending motion to dismiss to provide competent evidence of its alleged jurisdictional facts. Order of October 1, 2015 [Dkt. #16]. Wells Fargo has responded to the

---

[1] All pending motions in the above-styled cause have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution or report and recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rules 1(c) and 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Magistrate Court's Order by providing (1) its Articles of Association; (2) a copy of its Articles of Assocation filed on the SEC's "EDGAR" website; and (3) copies of webpages maintained by various federal agencies that list Wells Fargo's home state as South Dakota.  Am. Resp. [Dkt. #17], Ex. 1-4.  Farkas continues to urge dismissal, arguing these documents are not competent evidence of Wells Fargo's citizenship and therefore Wells Fargo has not met its burden to establish federal subject matter jurisdiction.

## II.    STANDARD OF REVIEW

The only basis for federal jurisdiction over this state law claim is diversity of citizenship. 28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003).  The party seeking to invoke diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).  "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citing *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 817 (5th Cir. 2007).  "'In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts

underlying the citizenship of the parties.'" *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007) (quoting *Coury,* 85 F.3d at 249).

The evidence reviewable by a court in determining subject matter jurisdiction is characterized as "summary judgment-type evidence." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). "Typically, courts do not consider . . . unauthenticated statements when ruling on motions for summary judgment," and therefore such evidence should not be considered in the context of examining diversity jurisdiction. *Williams v. Taylor*, No. 15-321015, Section "C," U.S. Dist. LEXIS 56904, *8 (E.D. La. Apr. 30, 2015) (citing *U.S. v. Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987)); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 609 (N.D. Tex. 2009) (The party invoking federal jurisdiction "cannot rely on incompetent evidence to meet its burden of proof."). A court may, however, take judicial notice of facts that are readily determinable from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(2); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 n.1 (5th Cir. 1996). Thus, a court "may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC. Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Lovelace*, 78 F.3d at 1018.

**III.   ANALYSIS**

Farkas moves to dismiss for lack of subject matter jurisdiction on the grounds that Wells Fargo has failed to provide competent evidence establishing the existence of diversity jurisdiction. *See generally* 1st Am. Mot. Dism. [Dkt. #13]. *see also* Reply [Dkt. #18]. Farkas

acknowledges Wells Fargo has provided its Articles of Incorporation as submitted to the SEC in public filings, but contends the public filings are not sufficiently authenticated to be competent evidence of Wells Fargo's citizenship and cannot be relied on for the truth of the matters asserted therein.  Reply [Dkt. #18] at 2-3, 6-7.

Farkas relies heavily on *Hertz Corp. v. Friend,* 559 U.S. 77 (2010) for the proposition that an SEC filing, though a matter of public record, is not competent evidence to establish a corporation's citizenship for diversity purposes.  *Hertz*, 559 U.S. at 96-97.  What Farkas fails to appreciate, however, is that "*Hertz* is inapplicable because it does not deal with national banking associations or their citizenship and instead addresses only the test for determining a corporation's principal place of business."  *Geske v. Wells Fargo Bank, N.A*., No. 3:11-CV-3337-L, 2012 U.S. Dist. LEXIS 83273, 5-7 (N.D. Tex. June 15, 2012) (citing *Hertz,* 559 U.S. at 96-97).  The "nerve center" test applied in *Hertz* to determine a corporation's principal place of business is fact specific.  *See Hertz*, 559 U.S. at 96-97.  As the test depends on where business is actually conducted, not merely on the designations and disclosures made in public filings, statements identifying a corporate headquarters in a company's SEC filing cannot be taken as proof of the matter asserted.  *Id*.  Just because a corporation designates its corporate headquarters in Delaware for purposes of its SEC filings does not establish that the corporate "nerve center," where business decisions are actually reached, is located in Delaware.  *Id.*  In contrast, the test for determining the citizenship of a national banking association does not depend on such fact-specific concerns.  *Geske*, 2012 U.S. Dist. LEXIS 83273, *5-7 (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006)).  A national banking association is a citizen of the state "designated in its Articles of Incorporation as its main office."  *Wachovia*, 546 U.S. at 318.  This is true regardless of whether the bank actually conducts significant business in other states.  *Id.*

4

As the bank's citizenship is determined on the basis of the statements made in its Articles of Incorporation, not on the truth of the matters asserted in those statements, the Court is entitled to rely on such public filings to determine citizenship.  *See Geske*, 2012 U.S. Dist. LEXIS 83272, *5-7.  Therefore, IT IS ORDERED that Defendant's Objections to Plaintiff Wells Fargo Bank, N.A.'s Jurisdictional Evidence filed October 22, 2013 [Dkt. #19] are OVERRULED.

The Magistrate Court takes judicial notice of the Articles of Association filed with the SEC and attached as Exhibit 2 of Wells Fargo's Amended Response [Dkt. #17].  Because the Articles of Asssociation clearly designate Wells Fargo's main office location in South Dakota, *id.* at Ex. 2, the Magistrate Court finds that Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.  *Wachovia*, 546 U.S. at 318.  As Wells Fargo is a citizen of South Dakota and Farkas has not contested the jurisdictional allegation that he himself is a citizen of Texas, diversity jurisdiction is established.  28 U.S.C. § 1332(a).  Therefore, the Magistrate Court RECOMMENDS the District Court DENY Defendant Janos Farkas' First Amended Motion to Dismiss filed July 9, 2015 [Dkt. #13].

### IV.    ORDER AND RECOMMENDATION ON THE MERITS

For the reasons outlined above,

IT IS ORDERED that Defendant's Objections to Plaintiff Wells Fargo Bank, N.A.'s Jurisdictional Evidence filed October 22, 2013 [Dkt. #19] are OVERRULED.

The Magistrate Court RECOMMENDS the District Court DENY Defendant Janos Farkas' First Amended Motion to Dismiss filed July 9, 2015 [Dkt. #13].

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED October 26, 2015

_____
Mark Lane
United States Magistrate Judge