**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | A-15-CV-165-LY-ML |
| JANOS FARKAS, | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Defendant Janos Farkas's Second Amended Motion to Dismiss (Dkt. #52), filed September 12, 2016; Wells Fargo Bank, N.A.'s Response in Opposition to Defendant's Second Motion to Dismiss (Dkt. #53), filed September 16, 2016; Janos Farkas's Reply to Wells Fargo's Response (Dkt. #57), filed September 23, 2016. Also before the court is Janos Farkas's First Amended Motion for Judgment on the Pleadings (Dkt. #50), filed September 9, 2016.

The motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

# I. BACKGROUND

Wells Fargo Bank, N.A., ("Wells Fargo") asserts that Janos Farkas ("Farkas") has defaulted on a 2007 Home Equity Loan (the "Agreement") and seeks judicial foreclosure of the lien on the property that secured the loan. Dkt. #38 (Third Amended Complaint). Farkas moves to dismiss the Third Amended Complaint under Rule 12(b)(6) alleging that the Third Amended Complaint fails to allege the existence of a valid contract. Dkt. #52 at ¶ 7. Farkas contends the loan contract is invalid and the lien is not foreclosable because "[i]n particular, none of [sic] the Agreement or the Deed of Trust includes the language required by Texas Constitution Article XVI, Sections 50(a)(6)(J), 50(a)(6)(P), 50(a)(6)(Q)(x)(a)-(f), and 50(a)(6)(Q)(xi)." Dkt. #52 at ¶ 14.

Wells Fargo does not argue that the loan contains the express terms Farkas identified. Rather, Wells Fargo argues that Section 50(a)(6)(J) limits when a loan may be accelerated, and the underlying loan in this case was not accelerated in violation of this provision. Wells Fargo further contends that Section 50(a)(6)(P) limits the lending entities that can loan money through a foreclosable home equity loan, and Wells Fargo is an eligible entity. Finally, Wells Fargo contends that Sections 50(a)(6)(Q)(x)(a)-(f) and 50(a)(6)(Q)(xi) are inapplicable to this case because they address a lender's obligations under the loan and the cure of any loan defects, and Farkas has not alleged that Wells Fargo has not complied with these provisions.

# II. STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule

of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### III.    ANALYSIS

The Texas Constitution contains certain restrictions to home equity loan agreements in order for foreclosure to be a remedy available to the lender. *See* TEX. CONST. art. XVI, § 50(a)

("The homestead . . . shall be, and is hereby protected from forced sale, for the payment of all debts except for:"). "The constitution prohibits foreclosure when a home-equity loan fails to include a constitutionally mandated term or condition." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, __ S.W.3d __, 2016 WL 2986237, at *4 (Tex. May 20, 2016). "[S]ection 50 of the constitution protects the homestead from foreclosure for the payment of debts subject to eight exceptions, one of which covers only those home-equity loans that contain a litany of exacting terms and conditions set forth in the constitution." *Id.* at *3. Section 50 "describes what a home-equity loan must look like if a lender wants the option to foreclose on a homestead upon borrower default." *Id.* Thus, a "homestead is protected from forced sale 'except for [a home-equity loan] that' includes the terms outlined in section 50(a)(6)(A)–(P) and 'is made on the condition that' it also include the provisions set forth in section 50(a)(6)(Q)(i)–(xi)." *Id.* Specifically, "[i]f [the lender] sought to foreclose on [the borrower's] homestead after [the borrower] became delinquent in her payments, [the borrower] could stand on the constitutional right to freedom from forced sale if her loan failed to include the [prescribed terms]." *Id.* at *4. Further, Section 50(c) states that "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section." TEX. CONST. art. XVI, § 50(c); *see also Wood v. HSBC Bank USA, N.A.*, __ S.W.3d__, 2016 WL 2993923 (Tex. May 20, 2016).

Farkas contends the Agreement does not include certain conditions of Section 50 and is therefore invalid and cannot be foreclosed upon. Wells Fargo erroneously argues that since Section 50's conditions have not been violated they are inapplicable. However, contrary to Farkas's contention, the Agreement incorporates Section 50(a)(6) by reference. Section 29 of the Agreement states, "The Bank shall comply with any of its obligations under sections 50(a)(6), 50(e)-(i), or 50(l) Article XVI, Texas Constitution." Farkas has not argued or cited any

authority that this language is insufficient to comply with Section 50.[1] *See Garofolo*, 2016 WL 2986237 (interpreting an agreement where "the contractual forfeiture provision incorporates by reference the constitutional forfeiture provision").

Farkas's arguments that the Third Amended Complaint fails to state a cause of action because the loan is invalid and cannot be foreclosed upon fail. The court will recommend that the motion be denied.

## IV.    RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant Janos Farkas's Second Amended Motion to Dismiss (Dkt. #52), filed September 12, 2016. As Janos Farkas's First Amended Motion for Judgment on the Pleadings (Dkt. #50) sought dismissal of Plaintiff's Second Amended Complaint, which is not the live pleading in this matter, the undersigned **RECOMMENDS** that motion be **DISMISSED**.

## V.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party

---

[1] In contrast, Section 50(g) requires specific statutory language. TEX. CONST. art. XVI, § 50(g)("An extension of credit described by Subsection (a)(6) of this section may be secured by a valid lien against homestead property if the extension of credit is not closed before the 12th day after the lender provides the owner with the following written notice on a separate instrument: [specific language given in quotations]").

from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED September 29, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE