IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | A-15-CV-165-LY-ML |
| JANOS FARKAS, | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. #41), filed September 2, 2016 (the "September 2nd Motion"); Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. #45), filed September 8, 2016 (the "September 8th Motion"); Defendant Janos Farkas's Response to Plaintiff's Motion for Summary Judgment (Dkt. #56), filed September 16, 2016; and Defendant Janos Farkas's Motion to Strike Plaintiff's Motion for Judgment filed on September 8, 2016 (Dkt. #54), filed September 9, 2016.

All pending nondispositive motions in the above-styled cause have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Likewise, all dispositive motions have been referred to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pending motions, the relevant case law, as well

as the entire case file, the undersigned issues the following Order and Report and Recommendation.

## I. BACKGROUND

As the court previously made clear, it is out of patience to further entertain Wells Fargo's basic lack of oversight to this case. Dkt. #51 at 3 ("The court is deeply concerned by the lack of basic oversight Wells Fargo's attorneys have given to this matter, which the court has no further patience to entertain."). Despite the court's repeated admonitions, Wells Fargo has continued to fail to manage or adequately participate in this case. *See* Dkt. #51 at 3; Dkt. #37 at 5 ("The court strongly cautions Wells Fargo's attorneys to take much greater care in their future filings in this matter than they have in their past filings."). Wells Fargo's repeated inattention to this case has created needless additional work for both the court and Farkas. What should have been a relatively straightforward case has become a mess of convoluted motions and compressed schedules because Wells Fargo has failed to manage this case in a professional manner.

Wells Fargo filed its Original Petition ("Complaint") (Dkt. #1) on February 24, 2015. In its Complaint, Wells Fargo alleged that Farkas had defaulted on a January 11, 2007 home equity loan ("2007 Home Equity Loan") and sought judicial foreclosure on the property that secured the loan. Wells Fargo attached to the Complaint the relevant loan documents and security interest documents. Dkt. #1-5, 1-6.

On the same day, Wells Fargo also filed Plaintiff's First Supplemental Petition ("Supplemental Complaint"). Dkt. #5. In the Supplemental Complaint, Wells Fargo alleged that Farkas defaulted on a September 2, 2003 non-home equity loan ("2003 Non-Home Equity Loan") and sought judicial foreclosure on the property that secured the loan. The property securing the 2003 Non-Home Equity Loan was the same property securing the 2007 Home

Equity Loan. Wells Fargo attached the relevant loan documents and security interest documents to the Supplemental Complaint. Dkt. #5-1, 5-2. Wells Fargo did not re-allege a cause of action for breach of the 2007 Home Equity Loan. Dkt. #5 at ¶ E.

Reviewing the pleadings following a motion to dismiss by Farkas, the District Court found that both the basis for the court's jurisdiction and the claim(s) Wells Fargo was attempting to assert were unclear in light of Wells Fargo's successive pleadings. Dkt. #11 at 2-3. The court granted Wells Fargo leave to file "a Second Amended Pleading that clearly sets out all grounds for jurisdiction and relief intended to be [pleaded] in this matter." *Id.* at 3.

On June 25, 2015, Wells Fargo filed its Second Amended Complaint. Dkt. #12. In the Second Amended Complaint, Wells Fargo alleged that Farkas defaulted on the 2003 Non-Home Equity Loan and sought judicial foreclosure on the property that secured the loan. *Id*. Wells Fargo also stated, "Plaintiff asserts Defendant is indebted to Plaintiff pursuant to a certain promissory note and secured by a deed of trust that encumbers that certain real property that is the subject of this litigation and is separate and aside from the Note and Deed of Trust described herein." *Id.* at ¶20. Inexplicably, Wells Fargo attached only the documents relating to the 2007 Home Equity Loan to the Second Amended Complaint.

Farkas moved for judgment on the pleadings (Dkt. #29) in part because the exhibits attached to the Second Amended Complaint (the 2007 Home Equity Loan documents) did not correspond to the allegations of default of the 2003 Non-Home Equity Loan in the Second Amended Complaint.

In response, Wells Fargo moved for leave to file its Third Amended Complaint. *See* Dkt. #30 (response to motion #29); #31 (Motion for Leave). On August 12, 2016, the court granted Wells Fargo leave to amend and ordered Wells Fargo to file its Third Amended Complaint

within 3 business days.  Dkt. #37 at 5.  Without any justification for the delay besides its own inadvertence, Wells Fargo did not file the Third Amended Complaint until August 30, 2016.

In order to preserve the scheduled final pretrial conference and trial dates, the court ordered Wells Fargo to file any dispositive motions no later than September 2, 2016.  On September 2, 2016, Wells Fargo filed a Motion for Summary Judgment but neglected to attach any evidence to the motion (the "September 2nd Motion").  Dkt. #41.  On September 7, the Clerk's Office issued a Deficiency Notice that Exhibits marked 1-4 were not attached to the motion.  Dkt. #43.  The Clerk's Office instructed Wells Fargo to correct the deficiency and "re-file the document **IMMEDIATELY**."  Dkt. #43.  The Deficiency Notice also instructed Wells Fargo that "**[i]f an erroneous filing results in failure to meet a deadline, you will need to seek relief, for any default, from the presiding judge.**"  *Id*.  Wells Fargo filed a second, identical motion with attachments the next day (the "September 8th Motion"), but did not seek any relief for the filing, which was now nearly a week late.  Dkt. #45.  Farkas has moved to strike the late-filed September 8th Motion as untimely and filed without leave.  Dkt. #54.

## II. MOTION TO STRIKE THE SEPTEMBER 8TH MOTION

Farkas moved to strike the September 8th Motion on September 16, 2016.  Dkt. #54.  Wells Fargo has not responded to the motion to strike.  The Local Rules require that "A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. A response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."  LR CV-7(e)(2).  "For purposes of this rule, a 'dispositive motion' is a motion to dismiss, a motion for judgment on the pleadings, a motion for summary

4

judgment or partial summary judgment, a motion for new trial, or a motion for judgment as a matter of law." LR CV-7(c).

Farkas's motion to strike is not "a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment or partial summary judgment, a motion for new trial, or a motion for judgment as a matter of law." Therefore, Wells Fargo's response was due September 23, 2016. Because Wells Fargo has not responded to the motion, the motion is unopposed. Accordingly, the court will recommend that Defendant Janos Farkas's Motion to Strike (Dkt. #54) be granted and that Plaintiff's Motion for Summary Judgment filed September 8, 2016 (Dkt. #45) be struck as untimely.

### III.     THE SEPTEMBER 2ND MOTION FOR SUMMARY JUDGMENT

In light of Wells Fargo's lack of opposition to the motion to strike, which the court has granted, Wells Fargo's September 2nd Motion for Summary Judgment (Dkt. #41) is now before the court. Wells Fargo failed to attach any evidence in support of its September 2nd Motion.

Farkas argues that summary judgment is improper because Wells Fargo has not supported the motion with admissible evidence. Dkt. #56 at 3. On the merits, Farkas argues that Wells Fargo has not shown it performed its obligations under the loan and that the Notice of Default is defective. Wells Fargo did not bother to file a reply and rebut these arguments.

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the

district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004).

As no evidence was submitted with Wells Fargo's September 2nd Motion for Summary Judgment and Wells Fargo failed to respond to the arguments Farkas made on the merits, the court finds Wells Fargo has failed to carry its burden on the motion. Accordingly, the court will recommend that the District Judge deny the motion.

## IV. CONCLUSION

It is the court's intention to resolve cases and the issues they present on the merits. However, Wells Fargo's repeated erroneous filings, missed deadlines, and failures to respond or reply to motions has made that impossible in this case. Wells Fargo has repeatedly expected this court to excuse its inadvertence. The court's previous admonishments to Wells Fargo have fallen on deaf ears and have proven futile.

## V. RECOMMENDATIONS

For the reasons already stated, the undersigned **RECOMMENDS** that the District Court **GRANT** Farkas's Motion to Strike (Dkt. #54) and **ORDER** that Plaintiff's Motion for Summary Judgment filed September 8, 2016 (Dkt. #45) be **STRUCK** as untimely.

For the reasons given above, the undersigned **RECOMMENDS** that the District Court **DENY** Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. #41), filed September 2, 2016.

VI.     OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED September 29, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE